IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LINDA DIANE DOUGAN                                                                    PLAINTIFF

vs.                            Civil No. 2:08-cv-02083

MICHAEL J. ASTRUE,                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Linda Diane Dougan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff protectively filed her applications for DIB and SSI on August 23, 2005.  (Tr.15).[1] In this application and in supporting documents filed with the SSA, Plaintiff alleged she was

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

disabled due to residuals of a stroke, arthritis in hip and knees, loss of short term memory, depression, headaches, uncontrolled blood pressure, and amenia with severe fatigue and anxiety. (Tr. 66,76,93). In these applications, Plaintiff alleged an onset date of June 7, 2005. (Tr. 45). Plaintiff's applications were denied initially on December 16, 2005 and on reconsideration on May 8, 2006. (Tr. 38-44).

On March 4, 2007, Plaintiff requested a hearing on her application. (Tr. 26). This hearing was held on May 10, 2007. (Tr. 354-383). Plaintiff was present and was represented by counsel, Iva Neil Gibbons, at this hearing. *See id.* Only Plaintiff testified at this hearing. *See id.*

On February 14, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 15-25). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 7, 2005, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined the Plaintiff suffered from the severe impairments of stroke, depression and hypertension. (Tr. 17, Finding 3). The ALJ also determined however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 (Listings). (Tr. 17, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 18, Finding 5). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 416.929 and 20 C.F.R. § 404.1529. (Tr. 18). The ALJ determined Plaintiff's subjective complaints of pain were not entirely credible. (Tr. 20).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 18-23, Finding 5).

Specifically, the ALJ determined Plaintiff retained the RFC to perform light work activity, including lifting up to 20 pounds occasionally and 10 pounds frequently, and sitting, standing, and walking for six hours in an eight hour workday. The ALJ found Plaintiff could occasionally balance and must avoid hazards, including heights and moving machinery. The ALJ determined Plaintiff was moderately limited in the areas of ability to understand, remember, and carry-out complex instructions; the ability to make judgments on complex work related decisions; the ability to interact appropriately with supervision and co-workers; the ability to respond appropriately to usual work situations; and the ability to respond appropriately to routine work changes. (Tr. 18, Finding 5). *See* 20 C.F.R. § 404.1545 (2008).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 23-24, Findings 6, 10). Plaintiff testified at the administrative hearing regarding these issues and the VE answered interrogatories regarding these issues. (Tr. 121-122). The VE answered that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 121).

However, the VE answered interrogatories indicating a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 122). For example, the VE stated such a hypothetical person could perform work as an office clerk (23,000 such jobs in the State of Arkansas and 3,000,000 in the nation), maid (5,300 such jobs in the State of Arkansas and 630,000 in the nation), and security guard (6,000 such jobs in the State of Arkansas and 996,000 in the nation). (Tr. 122). The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision. (Tr. 24, Finding 10).

Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10-

11).  On May 29, 2008, the Appeals Council declined to review this determination.  (Tr. 4-6).  *See* 20 C.F.R. § 404.984(b)(2).  On July 25, 2008, Plaintiff filed the present appeal.  (Doc. No. 1).  Both parties have filed appeal briefs.  (Doc. Nos. 6,7).  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. The Plaintiff argues the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), the ALJ failed to properly develop the evidence, the ALJ failed to give proper weight to the opinions of Plaintiff's treating physician, and the ALJ erred in the RFC determination. The Defendant argues the ALJ properly applied the factors of *Polaski*, the ALJ properly developed the evidence, the ALJ gave

proper weight to the opinions of Plaintiff's treating physician, and substantial evidence supports the ALJ's RFC decision.

### Credibility of Plaintiff's Subjective Complaints of Pain

The Plaintiff claims the ALJ erred in the determination that Plaintiff's subjective complaints of pain were not fully credible. The Plaintiff asserts the ALJ failed to perform a proper *Polaski* evaluation. The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) **or** the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991). The ALJ mentioned Plaintiff's daily activities and some medications taken by Plaintiff, but he did not discuss inconsistencies in the claimed subjective complaints or perform an analysis of the *Polaski* factors. (Tr. 19, 20). Simply citing the relevant regulation is not sufficient to comply with the requirements of *Polaski* or 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, which require consideration and analysis of all of the foregoing factors.

The Defendant argues in his brief some points in support of the argument that the ALJ performed a proper *Polaski* analysis. (Doc. No. 7, Pgs. 14-17). These included: (A) Plaintiff's ability to perform daily activities, (B) inconsistencies in comments made by Plaintiff to physicians regarding functional limitations, (C) Plaintiff's medication use, and (D) inconsistencies in the record

regarding amount of pain Plaintiff experienced. However, these points were not discussed by the ALJ. It is the ALJ's duty to provide full analysis of at least some of these factors and state the inconsistencies in the opinion. *See Ford v. Astrue*, 518 F 3d 979, 982-83 (8th Cir. 2008) (requiring the ALJ to detail the reasons for discrediting a claimant's subjective complaints and set forth the inconsistencies he or she found).

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

## 4. Conclusion:

Based upon the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. It is recommended that this case be reversed and remanded.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **29th** day of May, 2009.

s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.